PERMA-STRATE COMPANY, Inc., Plaintiff-in-Error,
v. MRS. SARA GEMUS, Defendant-in-Error. No. 8.
—430 S.W.(2d) 665.

Western Section. December 14, 1967.

Certiorari Denied by Supreme Court May 20, 1968.

326

Ed M. Hurley, Memphis, for plaintiff in error.

Hal Gerber and Gerber, Gerber & Lewis, Memphis, for defendant in error.

BEJACH, J. We have before us in this cause a products liability case tried in the Circuit Court of Shelby

County, Tennessee according to the law of the State of New York. The plaintiff, Mrs. Sara Gemus, recovered a verdict of $5,500 against the defendant Perma-Strate Co., Inc. After its motion for new trial had been overruled, defendant, Perma-Strate Co., Inc., prayed and perfected an appeal in the nature of a writ of error to this Court. In this opinion the parties will be referred to, as in the lower court, as plaintiff and defendant, or called by their respective names.

Plaintiff is a resident of Forest Hills, New York. On or about November 6, 1961, plaintiff having heard about defendant's product, Perma-Strate, purchased same at the Forest Hills Drug Store in Forest Hills, New York. Several days later, after having read, as she testifies, the instructions about "a dozen times", she applied same to her hair, "according to directions", after which she rolled up her hair on large type rollers. The proof also showed that, after using defendant's product, during the early morning hours, she was awakened with a burning sensation of the scalp; that she immediately went to the bathroom of her house where she removed the rollers; and that thereafter her hair began to fall out and continued to fall out until there remained only a "stubble of hair" over her whole scalp. She was treated by her physician, a dermatologist, whose original diagnosis in 1961 was that she had a chemical burn or trauma to her scalp due to use of defendant's product. Initially he thought her hair would grow back as it had been, but two and one-half years later he examined plaintiff and found her hair grown back, but found it thinning and took a punch piopsy test which caused him to amend his original opinion. He then changed his diagnosis to permanent damage to the scalp, a condition known as "scarring

alopecia''. Plaintiff brought suit against defendant within the period of the statute of limitations, but took a voluntary nonsuit, after which, she, within one year, filed the present suit as authorized by section 28-106 T.C.A.

Plaintiff's declaration is in four counts. The first count alleges breach of express warranty; the second count alleges breach of implied warranty; the third count charges negligence in the manufacture of defendant's product; the fourth count relies on alleged violation of section 96, article 5 of the personal property law of the State of New York, McKinney's Consol.Laws, c. 41. Defendant pleaded not guilty; and the verdict in this cause is a general verdict.

In this Court, as plaintiff in error, defendant has filed three assignments of error.

By Assignment of Error I, defendant complains because the trial judge did not grant defendant's motion for directed verdict made at the conclusion of plaintiff's proof and renewed at the conclusion of all the proof.

By Assignment of Error II, defendant complains of charges of the Court to the jury.

By Assignment of Error III, defendant complains of the refusal of the trial judge to give several special instructions requested.

■ Defendant contends that its motion for directed verdict should have been granted because in plaintiff's declaration she sues for chemical trauma to her scalp, whereas, according to her dermatologist's testimony, she proved scarring alopecia. As we view the doctor's testimony, he did not change his testimony, but merely changed his original belief that plaintiff's hair would grow

back, and that her damage would be temporary only; while in the later diagnosis he was of opinion that the damage was permanent. Defendant relies primarily on the New York case of Kaempfe v. Lehn & Fink Products Corp., 21 A.D.2d 197, 249 N.Y.S.2d 840. In that case, the defendant was sued for damage resulting from the use of a deodorant. On the negligence aspect of that case, defendant was held not liable because, out of 600,000 sales of its product, the proof showed there had been only four complaints. On the warranty aspect of the case, and with respect to the New York personal property statute, defendant was held not liable because the warranty was merely that the product was safe for normal skins, and because it contained the information that it "contained aluminum sulphate", the ingredient which had damaged plaintiff.

■■■ In the instant case, the language claimed as constituting a warranty, is "Absolutely will not burn or discolor normal hair. Will not irritate scalp when used as directed." The label does not anywhere state that it contains amonium thioglycolate, the active ingredient shown by the proof to be present in nearly all hair straighteners. We think the absence of this information distinguishes the instant case from the Lehn & Fink case. Apparently, it was this ingredient that caused damage to plaintiff in the instant case. Defendant contends that plaintiff did not read the so-called warranty, but purchased defendant's product by name, on the recommendation of a friend. We think this is immaterial so long as she read the words constituting the warranty before using the product. Defendant also contends that the language claimed as constituting a warranty in the instant case nowhere uses the word "safe", as did the language relied

on as a warranty in the Lehn & Fink case. We think the words "Absolutely will not burn or discolor normal hair" and "Will not irritate scalp when used as directed" indicate a warranty of safety just as much as if the word "safe" had been used, and that it was within the legitimate province of the jury to find as a fact that defendant had breached its warranty. It is therefore our opinion that the case was properly submitted to the jury, and that defendant's Assignment of Error I must be overruled.

██ By Assignment of Error II, defendant complains because the trial judge instructed the jury as follows:

"If you find that the product in question was fit for the purpose intended, and that there was no breach of warranty, expressed or implied, or that the plaintiff's injuries, if any, were not caused by any breach of warranty or negligence by the defendant, or that they were directly and proximately caused by negligence of commission or omission by the plaintiff, subject to the charge heretofore given you, then your verdict must be for the defendant."

Counsel for defendant object to this charge because, they contend that the question of fitness is for the court and not for the jury at all. In support of this contention, they cite and rely on the case of Magee v. Wyeth Laboratories, Inc. (1963), 214 Cal.App.2d 340, 29 Cal.Rptr. 322. As we read that case, however, it does not sustain defendant's contention that the question of fitness of the product involved was for the court rather than for the jury. It holds that where defendant's product was sold to a doctor or a hospital, and used on plaintiff, the manufacturer was under no duty to warn the plaintiff of

danger. Incidentally, that case was submitted to a jury. Love v. Wolf (1964), 226 Cal.App.2d 378, 38 Cal.Rptr. 183, also cited by counsel for defendant, is to the same effect.

Under Assignment of Error II, defendant also complains because the trial court charged the jury as follows:

> "The plaintiff, as the basis for imposing upon defendant a special duty of warning was bound, at least, to show (1) that she was one of a substantial number of an identifiable class of persons and (2) that the defendant knew, or with reasonable diligence should have known of the existence of such number or class of persons."

■ The case of Wright v. Carter Products, Inc., 2 Cir., 244 F.2d 53 involves an action for injuries from the use of a deodorant. Jurisdiction of the court was based entirely on diversity of citizenship. In that case it was held, in that situation, procedural law must be according to the law of the state in which the cause was tried, but that the substantive law to be applied was the law of the state where the deodorant had been applied. In the lower court the jury had returned a verdict in favor of the defendant, but the Second Circuit Court of Appeals reversed the cause, holding that under the law of the state where the deodorant had been applied, the manufacturer had the duty to warn against danger to even a miniscule group of persons who might be adversely affected by use of its product. We think that defendant's Assignment of Error II should be overruled.

■ Defendant's third assignment of error complains because the trial court refused to give three of its requests for special instructions to the jury. We deem it

unnecessary to copy these requests into this opinion. It would unduly lengthen the opinion to do so. We have carefully read the judge's charge, and are of opinion that it amply covers the law applicable to this case, and sufficiently covers the matter set out in the special requests. Accordingly we overrule defendant's Assignment of Error III.

■ With all of defendant's assignments of error overruled, it follows that the judgment of the lower court must be affirmed, with interest from November 18, 1966, the date on which the motion for new trial was overruled, and with all of the costs of the cause adjudged against defendant and the surety on its appeal bond.

Avery, P. J. (W. S.) and Carney, J., concur.